UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>        Plaintiff,<br><br>    v.<br><br>DILIP O. DESAI,<br><br>        Defendant. | Case No. 1:25-cv-01152-JLT-CDB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(Docs. 13, 14)<br><br>ORDER DIRECTING COUNSEL FOR PLAINTIFF TO EFFECT SERVICE OF NOTICE OF SUGGESTION OF DEATH UPON NEXT OF KIN PURSUANT TO FED. R. CIV. P. 25(a) AND TO PROMPTLY FILE PROOF OF SERVICE<br><br>(Doc. 12)<br><br>**14-DAY DEADLINE** |

    Plaintiff Theresa Brooke initiated this action with the filing of a complaint against Defendant Dilip O. Desai, alleging violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act"). (Doc. 1).

    After Plaintiff failed to comply with the Court's order to serve upon Defendant a copy of its October 3, 2025, minute order acknowledging Defendant's default and setting a timeline for Plaintiff's filing of a motion for default judgment and proof of service, on October 21, 2025, the Court ordered Plaintiff to show cause in writing why sanctions should not be imposed for failure to comply with the Court's orders. (Doc. 13).

    Pending before the Court is counsel for Plaintiff's response to the order to show cause.

1

(Doc. 14).  Therein, counsel declares that Plaintiff passed away on October 2, 2025.  *Id.* ¶ 3. Counsel declares that service of the default upon Defendant would carry no purpose in light of Plaintiff's passing, "because the purpose of a default is to precede a Motion for Default Judgment" and because she cannot file such a motion, "[s]he must wait for a proper party to be substituted in pursuant to Rule 25(a)."  *Id.* ¶ 7.  Counsel requests the Court excuse his failure to meet the deadline to serve the default in light of the above and because he overlooked the order in the grief he shares with Plaintiff's family.  *Id.* ¶ 9.

Based on the representations by counsel for Plaintiff in response to the Court's order to show cause, the Court finds that counsel's conduct cited therein is the result of excusable neglect.  *See In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007).  Accordingly, the Court finds good cause to discharge the Order to Show Cause, and the Order to Show Cause (Doc. 13) will be discharged without imposition of sanctions.

Further, in light of counsel for Plaintiff's request that proceeding under Federal Rule of Civil Procedure 25(a) may be the proper procedure for this case, the Court will direct counsel for Plaintiff within 14 days from the entry of this order to effect service of the notice of suggestion of death filed in this case upon Plaintiff's next of kin consistent with Rule 25(a) and to promptly file proof of service thereafter.

*Remainder of This Page Intentionally Left Blank*

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. The Court's order to show cause (Doc. 13) is DISCHARGED without the imposition of sanctions; and

2. **Within 14 days** of entry of this order, counsel for Plaintiff is DIRECTED to effect service of the notice of suggestion of death (Doc. 12) upon parties and nonparty successors or representatives of the deceased consistent with Federal Rule of Civil Procedure 25(a) and to promptly file proof of service on the docket.

**Any failure for counsel for Plaintiff to timely comply with this order will result in the imposition of sanctions, including financial sanctions and/or a recommendation to dismiss this case.**

IT IS SO ORDERED.

Dated:   **November 7, 2025**

UNITED STATES MAGISTRATE JUDGE